IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN F. HILL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1396-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| DR. QI LIU, and DR. KEVIN RAINEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff John F. Hill's Motion for Leave to Proceed *in forma pauperis* (Doc. 2), Motion for Recruitment of Counsel (Doc. 3), and Motion for Service of Process at Government Expense (Doc. 4).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Based on the financial information provided in the affidavit, the Court finds that Hill is not indigent. Although he is currently unemployed, he receives $1148.00 per month in disability, has between $1200.00 to $2500.00 in his checking account, and $5,850.00 in a savings account. Hill owns property, two mobile homes, and two vehicles. His listed monthly expenses are a small fraction of his monthly income. As such, it appears that Hill has sufficient funds to pay the filing and docketing fee. Accordingly, the Motion is denied.

Because the Court has not found Hill to be indigent, it does not have the discretion to recruit counsel for him. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing 28 U.S.C. §

1915(e)(1)) ("In a civil case, the court has discretion to recruit counsel to represent a litigant who is unable to afford one."). Therefore, Hill's motion for recruitment of counsel is denied.

Hill's motion for service of process at Government expense is also denied. Federal Rule of Civil Procedure 4(c) provides that "plaintiff is responsible for having the summons and complaint served . . . ." Fed. R. Civ. P. 4(c)(1). Rule 4(c) further provides that the plaintiff may request service by the United States Marshal Service ("USMS") and that such service must be ordered if plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Fed.R.Civ.P. 4(c)(3). Here, Hill was denied leave to proceed *in forma pauperis*. Therefore, it is not mandatory for the Court to order service by the USMS at the expense of the Court. Instead, the decision is discretionary. *See Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008). Hill has offered no reason why he cannot afford or otherwise effect service upon Defendants through the procedures provided in Rule 4. Therefore, the Court will not pay for the USMS to serve Defendants and Hill's motion is denied. The denial is without prejudice and Hill may file a renewed motion that provides additional information as to why he believes the Court should pay for service by the USMS.

## Conclusion

Hill's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. Hill is **ORDERED** to pay the filing fee no later than September 2, 2025. Failure to comply with this Order will result in dismissal of this action for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Hill's motion for recruitment of counsel (Doc. 3) and motion for service of process at Government's expense (Doc. 4) are **DENIED.**

**IT IS SO ORDERED.**

**DATED: July 31, 2025**

**STACI M. YANDLE**
**United States District Judge**